UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD A. GARY,

    Plaintiff,

    v.

DR. A. BRIGHT, et al.,

    Defendants.

Case No. C 13-5302 KAW (PR)

**ORDER OF SERVICE OF COGNIZABLE CLAIM; GRANTING, IN PART, PLAINTIFF'S MOTIONS FOR SERVICE**

Plaintiff Reginald A. Gary, a state prisoner incarcerated at Deuel Vocational Institution, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by medical staff at the Correctional Training Facility ("CTF") in Soledad.[1] Plaintiff has consented to the jurisdiction of the undersigned United States Magistrate Judge over this action. Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") with a completed IFP application, which is granted in a separate order. Plaintiff has also filed motions for serving papers by United States Marshal, which the Court grants, in part. The Court now addresses the claims asserted in Plaintiff's complaint.

## DISCUSSION

I.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

---

[1] This case was transferred from the Eastern District of California.

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633. Under no circumstances is there respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984). A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff only to allege that supervisors knew about the constitutional violation and that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by them that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

II.     Plaintiff's Claims

Plaintiff sues Dr. A Bright, Dr. A. Adams and C. D. Zamora, Chief of Appeals. Plaintiff alleges that he has documented nerve damage in his right wrist so that he is a candidate for right

wrist carpal tunnel syndrome ("CTS") surgery, which was denied by Dr. Bright because Plaintiff has "no physical exams related to CTS." Comp. at 11, 13.[2] Apparently, Plaintiff sues Dr. Adams and Chief Zamora because they denied his administrative appeals.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059. A prison official exhibits deliberate indifference when he knows of and disregards a substantial risk of serious harm to inmate health or safety. *Farmer*, 511 U.S. at 837.

Liberally construed, Plaintiff's complaint states an Eighth Amendment claim against Dr. Bright for deliberate indifference to Plaintiff's serious medical need for treatment of his CTS. However, claims against Dr. Adams and Chief Zamora on the ground that they denied his administrative appeals are not cognizable. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (because inmates lack a constitutional entitlement to a specific prison grievance procedure, actions of prison officials in reviewing internal appeals cannot create liabilty under § 1983) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Therefore, the claims against Dr. Adams and Chief Zamora are dismissed with leave to amend, to add, if possible, allegations showing that their actions caused his constitutional deprivation. Plaintiff is granted leave to file an amended complaint to remedy this deficiency, if he truthfully can do so, within twenty-one days from the date of this Order.

---

[2] Page numbers refer to the numbers provided by the Court's electronic docketing system.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Dr. Bright.

2. Plaintiff's claims against Dr. Adams and Chief Zamora are dismissed with leave to amend. Plaintiff may file an amended complaint remedying the deficiencies noted above within twenty-one days from the date of this Order. If Plaintiff does not file an amended complaint within this time, his claims against Dr.Adams and Chief Zamora will be dismissed without leave to amend and his claim against Dr. Bright will go forward according to the schedule set forth below.

3. The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to CTF Defendant Dr. Bright.</u> The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

4. Defendant is cautioned that Rule 4 of the Federal Rules of Civil Procedure require him to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendant, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be required to bear the cost of such service unless good cause be shown for his failure to sign and return the waiver forms. If service is waived, this action will proceed as if Defendant had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendant will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendant is advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If

1   service is waived after the date provided in the Notice but before Defendant has been personally
2   served, the answer shall be due <u>sixty</u> days from the date on which the request for waiver was sent
3   or <u>twenty</u> days from the date the waiver form is filed, whichever is later.
4        5. Defendant shall file his Consent or Declination to Magistrate Judge Jurisdiction on or
5   before the date his answer is due.
6        6. Defendant shall answer the complaint in accordance with the Federal Rules of Civil
7   Procedure. The following briefing schedule shall govern dispositive motions in this action:
8            a. No later than <u>thirty</u> days from the date his answer is due, Defendant shall file a
9   motion for summary judgment or other dispositive motion. If Defendant files a motion for
10  summary judgment, it shall be supported by adequate factual documentation and shall conform in
11  all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case
12  cannot be resolved by summary judgment, he shall so inform the Court prior to the date the
13  summary judgment motion is due. All papers filed with the Court shall be promptly served on
14  Plaintiff.
15      At the time of filing the motion for summary judgment or other dispositive motion,
16  Defendant shall comply with the Ninth Circuit's decisions in *Woods v. Carey*, 684 F.3d 934 (9th
17  Cir. 2012), and *Stratton v. Buck*, 697 F.3d 1004 (9th Cir. 2012), and provide Plaintiff with notice
18  of what is required of him to oppose a summary judgment motion or a motion to dismiss for
19  failure to exhaust administrative remedies.
20           b. Plaintiff's opposition to the motion for summary judgment or other dispositive
21  motion shall be filed with the Court and served on Defendant no later than <u>twenty-eight</u> days after
22  the date on which Defendant's motion is filed.
23      Before filing his opposition, Plaintiff is advised to read the notice that will be provided to
24  him by Defendant when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure
25  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come
26  forward with evidence showing triable issues of material fact on every essential element of his
27  claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this
28  case, he must be prepared to produce evidence in support of those allegations when he files his

opposition to Defendant's summary judgment motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

   c.  Defendant <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

   d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

  7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendant to depose Plaintiff and any other necessary witnesses confined in prison.

  8. All communications by Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or his counsel.

  9. It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

  10.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

  11. Given that the Court has ordered service of Plaintiff's cognizable claim on Dr. Bright, Plaintiff's motions for service on Defendants are granted, in part.

  12. This Order terminates docket numbers 11 and 12.

  IT IS SO ORDERED.

Dated:  3/19/14

             _____
             KANDIS A. WESTMORE
             UNITED STATES MAGISTRATE JUDGE