UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REGINALD A. GARY,

          Plaintiff,

    v.

DR. A. BRIGHT, et al.,

          Defendants.

Case No.  C 13-5302 KAW (PR)

**ORDER OF SERVICE OF AMENDED COMPLAINT**

Plaintiff Reginald A. Gary, a state prisoner incarcerated at Deuel Vocational Institution, has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by medical staff at the Correctional Training Facility ("CTF") in Soledad.  On March 19, 2014, the Court issued an Order of Service of Cognizable Claim, serving on Dr. A. Bright a claim for deliberate indifference to Plaintiff's serious medical needs and dismissing with leave to amend claims against Dr. A. Adams and Chief C.D. Zamora for deliberate indifference to Plaintiff's serious medical needs.  On April 14, 2014, Plaintiff filed a document entitled, "Motion to Add to Pending Case Copies of Medical 602s," which the Court construes as Plaintiff's amended complaint because in it he argues against the dismissal of claims against Dr. Adams and Chief Zamora.  The Court now addresses the claims asserted in Plaintiff's amended complaint.

DISCUSSION

I.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se* pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

United States District Court
Northern District of California

United States District Court
Northern District of California

(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right.  *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *Leer*, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  *Lemire*, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984).

In its March 19, 2014 Order, the Court found that, liberally construed, Plaintiff's allegations of right wrist carpal tunnel syndrom ("CTS") showed that he had a serious medical need.  However, the Court found that Plaintiff did not state a cognizable claim of deliberate indifference against Dr. Adams and Chief Zamora because he only alleged that they denied his 602 appeals challenging the lack of medical treatment for his CTS.  The Court cited *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003) for the proposition that actions of prison official in reviewing internal appeals cannot create liability under § 1983.

II.     Allegations in Amended Complaint

In his amended complaint, Plaintiff alleges that, by denying and signing his grievances challenging his failure to obtain proper medical treatment for his CTS, Defendants Adams and Zamora "implicated [their] own responsibility to protect [Plaintiff] from unnecessary pain."  Am. Comp. at 5.  Plaintiff also alleges that each named Defendant was on a panel of prison physicians that denied the recommendation by a hand specialist that Plaintiff receive surgery.  Am. Comp. at

2

6.  He also alleges that Dr. Adams and Chief Zamora knew of the seriousness of Plaintiff's CTS and did nothing to ensure that he received the proper treatment for it.

Construed liberally, the allegations in the amended complaint state a claim against Dr. Adams and Chief Zamora for deliberate indifference to Plaintiff's serious medical needs.

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.  Plaintiff states a cognizable claim for deliberate indifference to his serious medical needs against Dr. Adams and Chief Zamora.

2.  The Clerk of the Court shall mail <u>a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and the amended complaint (docket no. 19) and all attachments thereto, a copy of this Order and a copy of the form "Consent or Declination to Magistrate Judge Jurisdiction" to CTF Defendants Dr. A. Adams and Appeals Chief C.D. Zamora.</u>  The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco, and a copy of this Order to Plaintiff.

3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure require them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty</u> days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have

3

1  been personally served, the answer shall be due <u>sixty</u> days from the date on which the request for

2  waiver was sent or <u>twenty</u> days from the date the waiver form is filed, whichever is later.

3       4.  Defendants shall file their Consent or Declination to Magistrate Judge Jurisdiction on or

4  before the date their answer is due.

5       5.  The following briefing schedule shall govern dispositive motions in this action:

6            a.  No later than <u>thirty</u> days from the date their answer is due, Defendants shall file

7  a motion for summary judgment or other dispositive motion.  If Defendants file a motion for

8  summary judgment, it shall be supported by adequate factual documentation and shall conform in

9  all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case

10  cannot be resolved by summary judgment, they shall so inform the Court prior to the date the

11  summary judgment motion is due.  All papers filed with the Court shall be promptly served on

12  Plaintiff.

13       At the time of filing the motion for summary judgment or other dispositive motion,

14  Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th

15  Cir. 2012), and provide Plaintiff with notice of what is required of him to oppose a summary

16  judgment motion

17            b.  Plaintiff's opposition to the motion for summary judgment or other dispositive

18  motion shall be filed with the Court and served on Defendants no later than <u>twenty-eight</u> days

19  after the date on which Defendants' motion is filed.

20       Before filing his opposition, Plaintiff is advised to read the notice that will be provided to

21  him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure

22  and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come

23  forward with evidence showing triable issues of material fact on every essential element of his

24  claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this

25  case, he must be prepared to produce evidence in support of those allegations when he files his

26  opposition to Defendants' summary judgment motion.  Such evidence may include sworn

27  declarations from himself and other witnesses to the incident, and copies of documents

28  authenticated by sworn declaration.  Plaintiff will not be able to avoid summary judgment simply

United States District Court
Northern District of California

4

by repeating the allegations of his complaint.

        c.  Defendants <u>shall</u> file a reply brief no later than <u>fourteen</u> days after the date Plaintiff's opposition is filed.

        d.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

    6.  Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure.  Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

    7.  All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

    8.  It is Plaintiff's responsibility to prosecute this case.  He must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

    9.  Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

    10. This Order terminates docket number 19.

    IT IS SO ORDERED.

Dated:  6/30/14

_____
KANDIS A. WESTMORE
UNITED STATES MAGISTRATE JUDGE

United States District Court
Northern District of California

5